| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
**Northwest Senior Housing Corporation**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  
**75-2771278**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **8523 Thackery Street**<br>**Dallas, TX 75225**<br>Number, Street, City, State & ZIP Code | **4201 Corporate Drive**<br>**West Des Moines, IA 50266**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas**<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)  www.edgemeredallas.com

**6. Type of debtor**  
☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Northwest Senior Housing Corporation**     Case number (*if known*)
      Name

**7. Describe debtor's business**

A. *Check one:*

- [x] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the above

B. *Check all that apply*

- [x] Tax-exempt entity (as described in 26 U.S.C. §501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

\_\_\_\_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11. *Check **all** that apply*:
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- [x] No.
- [ ] Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- [ ] No
- [x] Yes.

Debtor **Northwest Senior Housing Corporation**     Case number (*if known*) _____
    Name

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | Senior Quality Lifestyles Corporation | Relationship | affiliate |
| District | Northern Texas    When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Northwest Senior Housing Corporation**     Case number (*if known*)
       Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/10/2022
               MM / DD / YYYY

**X** */s/ Nick Harshfield*                **Nick Harshfield**
Signature of authorized representative of debtor     Printed name

Title   **Treasurer**

**18. Signature of attorney**

**X** */s/ Trinitee G. Green*            Date   04/14/2022
Signature of attorney for debtor                 MM / DD / YYYY

**Trinitee G. Green**
Printed name

**Polsinelli PC**
Firm name

**2950 N. Harwood, Suite 2100**
**Dallas, Texas 75201**
Number, Street, City, State & ZIP Code

Contact phone   **214-397-0030**     Email address   **tggreen@polsinelli.com**

**24081320 TX**
Bar number and State

# REGULAR MEETING OF THE BOARD OF DIRECTORS OF NORTHWEST SENIOR HOUSING CORPORATION D/B/A EDGEMERE

April 11, 2022

The undersigned, constituting all of the directors (the "**Directors**") of the Board of Directors (the "**Board**") of NORTHWEST SENIOR HOUSING CORPORATION D/B/A EDGEMERE, a Texas nonprofit corporation (the "**Company**"), hereby adopts and approves these resolutions after consideration at a properly noticed Regular Meeting of the Board held on April 11, 2022 (the "**Resolutions**") and directs that these Resolutions be filed with the Company's official minutes:

**A.     Chapter 11 Filing**

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, IT IS**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed voluntary petitions for relief for the Company (the "**Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in a court of proper jurisdiction (the "**Bankruptcy Court**"); and it is further

**RESOLVED,** that in the judgment of the Board, it is desirable and in the best interests of the Company to designate the Board's Treasurer as an authorized agent with authority to execute and deliver any instrument on behalf of the Company in connection with the Chapter 11 Case and otherwise be deemed one of the Authorized Officers as defined below (the "**Authorized Agent**"); and it further

**RESOLVED**, that the President & Chief Executive Officer and the Authorized Agent (the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

B.  **Retention of Professionals**

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of POLSINELLI PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI PC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of FTI CONSULTING, INC. to represent and assist the Authorized Officers and the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI CONSULTING, INC.; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KURTZMAN CARSON CONSULTANTS LLC. as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KURTZMAN CARSON CONSULTANTS LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

C. **Interim Debtor-in-Possession Financing; Interim Cash Collateral Order and Adequate Protection; and Restructuring Support Agreement**

**RESOLVED**, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under an interim debtor-in-possession financing transaction ("**Interim DIP Loan**") so long as the Interim DIP Loan is (x) no greater than $2,000,000; (y) the lender under the Interim DIP Loan is UMB Bank, N.A., in its capacity as Trustee, as DIP Lender (the "**Trustee**"); and (z) is approved only on an interim basis thereby requiring the Authorized Officers to seek further authority from the Board before the Interim DIP Loan is either extended or is presented to the Bankruptcy Court for final approval; and it is further

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in Bankruptcy Code Section 363(a) (the "**Collateral**"), which is security for the **Trustee**; and it is further

**RESOLVED**, that to use and obtain the benefits of the Collateral and in accordance with Bankruptcy Code Section 363, the Company will provide certain adequate protection to the prepetition lenders (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**Cash Collateral Order**") and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party; provided, however, the Authorized Officers shall seek further authority from the Board before the Cash Collateral Order is either extended or is presented to the Bankruptcy Court for final approval; and it is further

**RESOLVED**, that each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to negotiate the terms of an agreement under which Lifespace Communities, Inc., the sole member of the Company, provides financial support for the restructuring of the Company ("**Restructuring Support Agreement**"); provided, however, any Restructuring Support Agreement shall be subject to the separate approval of the Board; and it is further

D. **General**

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take

or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED,** that all members of the Board of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and it is further

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

These Resolutions may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned have executed these Resolutions effective as of the 11th day of April, 2022.

_____
**Jesse Jantzen, Chairman**

_____
**Nick Harshfield, Vice Chairman and Treasurer**

_____
**Eddie Fenoglio, Secretary**

_____
**David Stewart, Director**

_____
**Curtis Gielow, Director**